**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2250

_____

DEANNA SCARBO,
                                        Appellant

v.

ROYAL ATHENA, doing business as THE YARD AT PENCOYD LANDING;
SUSAN J. KUPERSMITH; MAGISTERIAL DISTRICT COURT 38-2-04

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:25-cv-03308)
District Judge: Honorable Mary Kay Costello

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 1, 2025

Before: BIBAS, CHUNG, and BOVE, <u>Circuit Judges</u>

(Opinion filed: December 2, 2025)

_____

OPINION[*]

PER CURIAM

Deanna Scarbo appeals pro se from the District Court's order dismissing her complaint. We will affirm.

I.

In June 2025, Scarbo filed a pro se complaint in the District Court against her former landlord, the Royal Athena, d/b/a/ The Yard at Pencoyd Landing ("Landlord"), the Landlord's attorney Susan J. Kupersmith, and the Montgomery County Magisterial District Court 38-2-04. Scarbo alleged that, in February 2025, the Landlord began an eviction proceeding which resulted in a judgment against her. Scarbo's appeals were unsuccessful, and in June 2025, she was locked out of her rental unit pursuant to a judicial order. Her subsequent attempts to retrieve her personal property from the unit were unavailing. Scarbo brought civil rights claims, under 42 U.S.C. § 1983, based on alleged due process violations in the eviction proceedings, unlawful seizure of her personal property, abuse of process, and collusion. She sought declaratory, injunctive, and monetary relief.

The District Court screened the complaint and dismissed it for failure to state a claim, concluding that the Landlord and its attorney were not state actors subject to suit under § 1983, that the judicial defendant was immune from suit for money damages, and

___

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

that Scarbo's requested declaratory and injunctive relief were not available under the circumstances pleaded in the complaint. This timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order, and we "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (cleaned up). Dismissal is appropriate where a complaint has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm a District Court's order on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

The District Court properly determined that Scarbo failed to state a claim under § 1983 against the private Landlord and its attorney because they were not state actors. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Scarbo argues that these defendants acted under color of state law because they colluded with the judicial defendant. See Appellant's Br. at 18 (citing Dennis v. Sparks, 449 U.S. 24, 28 (1980)). But "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." Dennis, 449 U.S. at 28. Nor does the party's attorney become a state actor by litigating a case. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions

3

will not be considered state actors solely on the basis of their position as officers of the court.").  While Scarbo takes issue with the pleadings and arguments made by the Landlord and its attorney in state court, she has not raised any plausible allegation that those parties colluded with the state court or took actions outside their traditional functions in the legal process.  See id.; see also Abbott v. Latshaw, 164 F.3d 141, 147–48 (3d Cir. 1998) (describing as insufficient a complaint that "contains conclusory allegations of concerted action but is devoid of facts actually reflecting joint action").

With respect to the claims against the judicial defendant, Scarbo argues that the District Court should have construed her complaint as raising a claim against the specific judge who adjudicated her eviction case, not the "Court as an institution."  Appellant's Br. at 14.  But the District Court explained that, to the extent that Scarbo intended to name a particular judge of the court as a defendant, the judge was immune from suit, and injunctive relief under § 1983 was unavailable.  See ECF No. 5 at 3 n.2.  We agree that, in her official capacity, the judge, like the named judicial defendant, is entitled to immunity under the Eleventh Amendment.  See Benn v. First Jud. Dist. of Pa., 426 F.3d 233, 240–41 (3d Cir. 2005).  And, in her personal capacity, the judge is protected by judicial immunity for the judicial acts that Scarbo has described.  See Stump v. Sparkman, 435 U.S. 349, 355–57 (1978) (explaining that judges are not civilly liable for judicial acts); Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (holding that "because [the plaintiff] has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by [the plaintiff] does not

4

address the actions of [the judge] other than in his judicial capacity, [the plaintiff's] claim for injunctive relief is barred").[1]

Finally, Scarbo argues that the District Court should have granted her leave to amend her complaint. See Appellant's Br. at 11–13. But because Scarbo has merely repeated the same allegations that she made in her complaint, we conclude that the District Court did not err in determining that amendment would be futile. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") (citation omitted).

Accordingly, we will affirm the District Court's judgment.

---

[1] Because these grounds are sufficient to affirm the dismissal of Scarbo's claims against the judicial defendant here, we do not address her arguments regarding the District Court's construction of the precise injunctive relief that she sought from that defendant, nor the District Court's application of the Anti-Injunction Act, 28 U.S.C. § 2283, to bar such relief.